IN THE UNTIED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **IONA LEVETT,** * | |
| * | |
| **Plaintiff,** * | |
| * | |
| vs. * | **Civil Action No.** |
| * | **3:06-cv-00052-MHT** |
| **AMERICAN INTERNATIONAL GROUP, INC;** * | |
| **AMERICAN GENERAL CORPORATION;** * | |
| **AMERICAN GENERAL FINANCE, INC.;** * | |
| **AMERICAN GENERAL FINANCIAL SERVICES** * | |
| **OF ALABAMA, INC.; AMERICAN GENERAL** * | |
| **FINANCE CORPORATION;** * | |
| **MERIT LIFE INSURANCE COMPANY;** * | |
| **YOSEMITE INSURANCE COMPANY;** * | |
| **LAMAR HARRIS; and Fictitious Defendants "A",** * | |
| **"B", and "C", whether singular or plural, those** * | |
| **other persons, corporations, firms, or other** * | |
| **entities whose wrongful conduct caused** * | |
| **the injuries and damages to the Plaintiff,** * | |
| **all of whose true and correct names are** * | |
| **unknown to Plaintiff at this time, but will** * | |
| **be substituted by amendment when ascertained,** * | |
| * | |
| **Defendants.** * | |

## PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO REMAND

COMES NOW, Plaintiff and submits this Supplemental Memorandum of Law in support of her Motion to Remand. Plaintiff respectfully requests this Honorable Court remand this Action to the Circuit Court of Macon County, Alabama.

### INTRODUCTION

Plaintiff instituted this state court action against Defendants American International Group, Inc., American General Corporation, American General Finance, Inc., American General

1

Financial Services of Alabama, Inc., American General Financial Corporation, Merit Life Insurance Company, Yosemite Insurance Company, and individual Defendant Lamar Harris when the Complaint was filed in the Circuit Court of Macon County, Alabama. Plaintiff could not have originally filed this action in federal court, because Plaintiff and Defendant Lamar Harris are citizens of Alabama.

Defendants assert that Defendant Lamar Harris has been fraudulently joined because some of the claims asserted against him are time barred and Plaintiff could not have reasonably relied on the misrepresentations. Defendants argue that under <u>Foremost Insurance Co. v. Parham</u>, 693 So.2d 409 (Ala. 1997), "fraud claims accrue upon the earlier of: (1) actual discovery of the alleged fraud, or (2) the receipt of a document or contract alerting the plaintiff to the possibility of fraud." Therefore, under <u>Foremost</u>, Plaintiff had notice of all of her claims on the date she obtained the loan, and since Plaintiff obtained some of her loans at issue more than two years before filing this lawsuit, her claims against Defendant Lamar Harris are time barred. Additionally, Defendants contend that Plaintiff could not have reasonably relied on the misrepresentation made by Defendant Lamar Harris on all of the loans.

There is nothing in Defendants' claims of fraudulent joinder that is unique or specific to Defendant Lamar Harris. It appears that what Defendants are really trying to show is that Plaintiff has no claims against any Defendant, not just Defendant Lamar Harris. As such, the claim of "fraudulent joinder" of a specific Defendant is inappropriate. This is always true when the defenses being cited are really applicable to all defendants.

The Fifth Circuit addressed this exact issue in <u>Smallwood v. Illinois Cent. R.R. Co.</u>, 385 F.3d 568, 574 (5th Cir. 2004). In <u>Smallwood</u>, the full Fifth Circuit recognized that when the basis for fraudulent joinder is really an attack on the merits of the entire case, it is not appropriate

2

to just single out treatment of one, or just a few defendants. More particularly, the Court explained that:

> Rather, the basis of its contention that Smallwood could not recover went, in fact, to the entire case, although it was first directed to Smallwood's claims against MDOT. Then, with jurisdiction secured, and with all the force of the "law of the case," this same preemption was directed to the merits of Smallwood's claims against the railroad. A claim of improper joinder by definition is directed toward the joinder of the in-state party, a simple but easily obscured concept. The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper. Nevertheless, when, on a motion to remand, a showing that compels a holding that there is no reasonable basis for predicting that state law would allow the plaintiff to recover against the in-state defendant necessarily compels the same result for the nonresident Defendant, there is no improper joinder; there is only a lawsuit lacking in merit. In such cases, it makes little sense to single out the in-state defendants as "sham" defendants and call their joinder improper. In such circumstances, the allegation of improper joinder is actually an attack on the merits of plaintiff's case as such--an allegation that, as phrased by the Supreme Court in Chesapeake & O.R. Co. v. Cockrell, "the plaintiff's case [is] ill founded as to all the defendants." In reaching this conclusion, we are applying our traditional improper joinder analysis.

Id. (internal citations omitted). The instant action presents essentially the same issue. Therefore, since a claim of fraudulent joinder is improper, this case is due to be remanded to the Circuit Court of Macon County, Alabama.

This Court recently remanded three identical actions based on the common defense rule. See Tony and Dorothy Turner v. American International Group, Inc., et al., Civil Action No. 3:05cv753-MHT (M.D. Ala. February 15, 2006), Bernice Poole-Reese v. American International Group, Inc., et al., Civil Action No. 3:05cv750-MHT (M.D. Ala. February 14, 2006) and James Poole v. American International Group, Inc., et al., Civil Action No. 3:05cv749-MHT (M.D. Ala. February 14, 2006). This Court noted that the Eleventh Circuit has not reached this issue, but other circuits have applied a "common defense rule" to fraudulent joinder claims such as when a defense to liability is common to diverse and non-diverse defendants, fraudulent joinder is not

found. This Court remanded the actions holding that, "the corporate defendants have not shown that the individual defendants were fraudulently joined in light of the common defense rule." As such, Plaintiff's Motion to Remand is due to be granted.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully urges this Court to remand this action to the Circuit Court of Macon County, Alabama.

Respectfully submitted this the 15th day of February, 2006.

/s/ C. Lance Gould
C. LANCE GOULD (GOU007)
Attorney for Plaintiff

**OF COUNSEL:**

**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.**
Attorneys at Law
Post Office Box 4160
Montgomery, AL  36103-4160
(334) 269-2343
(334) 954-7555 (fax)

**CERTIFICATE OF SERVICE**

      I hereby certify that I have filed the original of the foregoing document in this Court with copies to be served upon all Counsel of record <u>as listed below</u> by placing a copy of same in the United States Mail, first class, postage prepaid on this the 15th day of February, 2006.

                                          /s/ C. Lance Gould
                                          OF COUNSEL

**Attorney for Defendants American International Group, Inc.**
**and American General Corporation:**

Jeffrey M. Grantham
John Thomas Aquina Malatesta, III
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL 35203-2618
205-254-1035
Fax: 205-254-1999
Email: jgrantham@mcglaw.com
Email: jmalatesta@maynardcooper.com

**Attorneys for Defendants American General Financial Services, Inc.;**
**American General Financial Services of Alabama, Inc..;**
**Merit Life Insurance Co.; and Yosemite Insurance Company:**

David Elliott
Robert H. Rutherford
Matthew T. Mitchell
BURR & FORMAN LLP
Suite 3100 SouthTrust Tower
420 North 20th Street
Birmingham, AL 35203
Tel:   205-251-3000
Fax:   205-458-5100
Email: delliott@burr.com