IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION


| | |
|---|---|
| JAMES POOLE,<br><br>    Plaintiff,<br><br>    v.<br><br>AMERICAN INTERNATIONAL<br>GROUP, INC., et al.,<br><br>    Defendants. | )<br>)<br>)<br>)    CIVIL ACTION NO.<br>)    3:05cv749-MHT<br>)        (WO)<br>)<br>)<br>)<br>) |

ORDER

Plaintiff James Poole initially filed this lawsuit in
state court charging defendants with state-law claims for
fraud, misrepresentations, concealment, negligent and
wanton hiring, training, and supervision, and breach of
fiduciary duty, all in connection with several loans he
took out.  Poole has named several 'corporate defendants':
American International Group, Inc., American General
Corporation, American General Finance Inc., Merit Life
Insurance Company, and Yosemite Life Insurance Company; he
has also named several 'individual defendants': Kathie
Rowell, Lamar Harris, and Lisa Short.

EXHIBIT

B

Pursuant to 28 U.S.C. § 1441, the corporate defendants removed this lawsuit from state to federal court, asserting two jurisdictional grounds: bankruptcy, 28 U.S.C. § 1334, and diversity-of-citizenship, 28 U.S.C. § 1332.

This matter is now before the court on Poole's motion to remand and the corporate and individual defendants' motion for extension of time to conduct remand-related discovery. Poole's motion will be granted and the corporate and individual defendants' motion denied.

## I. REMAND STANDARD

Federal courts are courts of limited jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, (1994); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). A federal court may hear a case only if it is authorized to do so by federal law. Kokkonen, 511 U.S. at 377. The party seeking removal has the burden of establishing it. Burns, 31 F.3d at 1095. The removal statute must be strictly construed because it raises

significant federalism concerns.  <u>Shamrock Oil & Gas Corp. v. Sheets</u>, 313 U.S. 100 (1941). All doubts about federal-court jurisdiction should be resolved in favor of a remand to state court.  <u>Burns</u>, 31 F.3d at 1095.

## II. BACKGROUND

In his state-court complaint, Poole alleged the following:  In 1999, he entered into several loans with the corporate defendants.  As inducements to take out the loans, the individual defendants told him that refinancing and consolidating his existing debt into a single loan with the corporate defendants would save him money.  The individual defendants also advised him to obtain credit insurance; they explained that the insurance was a good deal because it offered great value and protection, it would improve his credit score and rating, and it would increase his chances of loan approval.  According to the state-court complaint, the individual defendants, as well as the corporate defendants, knew that the representations were false.  Poole, however, did not discover the

3

falseness of the representations until within two years of filing his lawsuit.

### III. BANKRUPTCY JURISDICTION

The court agrees with Poole that there is no bankruptcy jurisdiction here to support removal.

District courts have "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Core proceedings, defined, in 28 U.S.C. § 157 (b)(1), are "a subset of the cases over which jurisdiction is granted in § 1334(b)." In re Toledo, 170 F.3d 1340, 1345 n.6 (11th Cir. 1999).

### A. 28 U.S.C. § 1334(b)

#### i. "Arising under" Jurisdiction

Arising-under proceedings consist of matters invoking a substantive right created by the Bankruptcy Code. In re Toledo, 170 F.3d at 1345. The corporate defendants contend that this court has "arising under" jurisdiction

4

based on 11 U.S.C. § 1327, which states that confirmed bankruptcy plans bind both debtors and creditors.   They assert that Poole's current claims are barred because the claims should have been raised during the bankruptcy plan according to this provision.   This argument has been previously rejected by this court in In re Harris, 305 B.R. 357, 362 (M.D. Ala. 2004) (Thompson, J.), when it found that "[a]fter dismissal, a creditor does not indefinitely continue to be shielded from all of a debtor's claims in state court."   If this were so, "a bankruptcy dismissal could never be effectuated, as the parties would always be bound by obligations undertaken pursuant to bankruptcy proceedings."   Id.   Therefore, this court reiterates its holding in In re Harris that after the dismissal of Poole's chapter 13 bankruptcy case, he is not barred from pursing his claims in state court.

Further, the corporate defendants' argument that § 1327 precludes Poole's state claims and therefore confers federal jurisdiction is without merit because "claim preclusion by reason of a prior federal judgment is a

5

defensive plea that provides no basis for removal under
[28 U.S.C.] § 1441(b)". Rivet v. Regions Bank of
Louisiana, 522 U.S. 470, 478 (1998); Transmouth Fin. Corp.
v. Murray, 311 B.R. 99, 105 (M.D. Ala. 2004) (Albritton,
J.). The corporate defendants' § 1327 claim-preclusion
arguments are properly brought in state court and thus
cannot support removal to this court.


ii. "Related To" Jurisdiction

The corporate defendants also contend that this court
has jurisdiction under 28 U.S.C. § 1334(b) because the
present actions are "related to" Poole's chapter 13
bankruptcy case. "Related to" jurisdiction exists if "the
outcome of the proceeding could conceivably have an effect
on the estate being administered in bankruptcy." In re
Lemco Gypsum, Inc., 910 F.2d 784, 788 (11th Cir. 1990).
While this jurisdiction is broadly construed, it does not
extend to estates which no longer exist, due to a
dismissal of the bankruptcy case. It is axiomatic that
this proceeding can have no conceivable effect on a

6

nonexistent estate. "As the test of whether 'related to'
jurisdiction exists is the nexus between the adversarial
procedure and the underlying bankruptcy estate, there
cannot be any 'related to' jurisdiction here, because
there is no longer any underlying bankruptcy estate." In
re Harris, 305 B.R. at 364; Harris v. Citigroup, Inc. (In
re Harris), 298 B.R. 897, 901 (Bankr. M.D. Ala. 2003)
(Williams, B.J.); Transmouth, 311 B.R. at 106. Therefore,
this court does not have "related to" jurisdiction.

## B. Core Proceeding

The corporate defendants contend that Poole's suit is
a core proceeding because it is essentially a counterclaim
to the corporate defendants' proof of claim filed in
Poole's bankruptcy case. Whether a matter is "a core
proceeding is analytically separate from whether there is
jurisdiction." In re Toledo, 170 F.3d at 1345 n.6.
Nevertheless, in In re Harris, this court rejected an
argument identical to that of the corporate defendants
when it determined that there cannot be a counterclaim to

7

a case that is no longer pending.  In re Harris, 306 B.R.
at 366.


## IV.  DIVERSITY JURISDICTION

The court agrees with Poole that there is no
diversity-of-citizenship jurisdiction here to support
removal.

A federal court may assert jurisdiction where the
amount in controversy exceeds $ 75,000, exclusive of costs
and interests, and the parties are citizens of different
States. 28 U.S.C. § 1332(a).  When an action is filed in
state court, but the amount in controversy is sufficient
and there is complete diversity, federal law gives the
defendant the right to remove the action to federal court.
Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287
(11th Cir. 1998).

Complete diversity is lacking where any party on one
side of the suit is from the same state as any party on
the other side. Strawbridge v. Curtiss, 7 U.S. 267 (1806).
Because Poole, as plaintiff, and Harris and Rowell, as

8

defendants, are all citizens of Alabama, complete diversity of citizenship does not exist--unless Harris and Rowell are improper defendants.[1]

The corporate defendants contend that Harris and Rowell were fraudulently joined to defeat diversity jurisdiction. If these defendants were fraudulently joined, their citizenship is not considered for the purpose of determining diversity jurisdiction. A removing party who alleges fraudulent joinder "has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." Pacheo de Perez v. AT&T Co., 139 F.3d 1368, 1380 (11th Cir. 1998) (citations omitted).

Here, the corporate defendants argue only the first type of fraudulent joinder. They assert that there is no

---

1. The corporate defendants dispute Poole's claim that Short is a resident of Alabama. So long as Poole's claims stand against Harris or Rowell, Short's citizenship is immaterial for fraudulent-joinder purposes.

possibility that Poole can establish a cause of action against the non-diverse defendants because: (1) the claims are time-barred; (2) the claims fail as a matter of law; (3) the non-diverse defendants were not properly served; and (4) some or all of the non-diverse defendants were not involved in the loan transactions.

The burden of establishing fraudulent joinder "is a heavy one"; if the plaintiff states "even a colorable claim against the resident defendant, joinder is proper and the case should be remanded to state court." Pacheo de Perez, 139 F.3d at 1380. A district court must "evaluate factual allegations in the light most favorable to the plaintiff and resolve any uncertainties about the applicable law in the plaintiff's favor". Id. The corporate defendants have not met this heavy burden.

As Poole aptly notes, all of the corporate defendants reasons for asserting that there is no possibility of recovery for the claims against the non-diverse individuals also arguably compel a lack of recovery against the diverse

10

corporations.[2]   Poole's sole claim against the corporate
defendants is for negligent and wanton hiring, training and
supervision, which requires the finding of underlying
tortious conduct by an employee before the employer can be
held liable.   See Stevenson v. Precision Standard, Inc.,
762 So.2d 820, 824 (Ala. 1999) (citing Big B, Inc. v.
Cottingham, 634 So.2d 999 (Ala. 1993));   Nash v. Segars,
682 So. 2d 1364 (Ala. Civ. App. 1996).   Accordingly, the
arguments for barring state-tort liability against the non-
diverse individual defendants appear to apply equally to
preventing liability for the diverse corporate defendants.

While the Eleventh Circuit has not reached this issue,
other circuits, relying on Chesapeake & O.R. Co. v.
Cockrell, 232 U.S. 146 (1914), have applied a "common
defense rule" to fraudulent-joinder claims such that when
a defense to liability is common to diverse and non-diverse
defendants, fraudulent joinder is not found.   See e.g.,
Boyer v. Snap-On Tools Corp., 913 F.2d 108 (3rd Cir. 1990),

_____

2.   The court says "arguably" because the corporate
defendants have not argued otherwise in this case.

11

cert. denied, 498 U.S. 1085 (1991); Smallwood v. Illinois Cent. R.R. Co., 385 F.3d 568 (5th Cir. 2004) (en banc), cert. denied, 125 U.S. 1825 (2005). Additionally, this court has found the same in Wright v. Metropolitan Life Ins. Co., 74 F. Supp. 2d 1150, 1154-55 (M.D. Ala. 1999) (Thompson, J.); see also In re New England Mut. Life Ins. Co. Sales Practices Litig., 324 F.Supp.2d 288 (D. Mass. 2004) (Keeton, J.)

These courts reason that common defenses are actually attacks on the merits of the entire case since they undermine the claims against the diverse and non-diverse defendants alike. Where the "the improper joinder allegation[] directed at the [non-diverse] employees 'manifestly [goes] to the merits of the action as an entirety, and not to the joinder,'" there is no fraudulent joinder, Smallwood, 385 F.3d at 575 (quoting Chesapeake, 232 U.S. at 153; rather, "'it indicate[s] that the plaintiff's case [is] ill founded as to all the defendants.'" Id. A court should avoid the "risk of moving ... beyond jurisdiction and into a resolution of the

merits." Id. at 574. Therefore, because the common defenses are not unique to the non-diverse defendants, they indicate nothing in particular about the specific reason the non-diverse individuals were joined. Wright, 74 F. Supp. 2d at 1155.

Mindful of its duty to resolve not only factual but legal uncertainties in favor of remand, Pacheo de Perez, 139 F.3d at 1380, the court finds that the corporate defendants have not shown that the individual defendants were fraudulently joined in light of the common defense rule.

## V. DISCOVERY

The corporate and individual defendants seek an extension of time to conduct remand-related discovery. Because this discovery would essentially go the merits of the entire case rather than to fraudulent joinder, it is, for the reasons given above, inappropriate.

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court as follows:

13

  (1) Defendants American International Group, Inc., American General Corporation, American General Finance Inc., Merit Life Insurance Company, Yosemite Life Insurance Company, Kathie Rowell, Lamar Harris, and Lisa Short's motion for extension of time to conduct remand-related discovery (Doc. No. 19) is denied.

  (2) Plaintiff James Poole's motion to remand (Doc. No. 16) is granted and, pursuant to 28 U.S.C. § 1447(c), this cause is remanded to the Circuit Court of Macon County, Alabama.

  It is further ORDERED that defendants American International Group, Inc., American General Corporation, American General Finance Inc., Merit Life Insurance Company, Yosemite Life Insurance Company, Kathie Rowell, Lamar Harris, and Lisa Short's motion to stay (Doc. No. 31) is denied.

  It is further ORDERED that all other motions are left for disposition by the state court after remand.


14

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 14th day of February, 2006.

\_\_\_/s/ Myron H. Thompson\_\_\_\_

UNITED STATES DISTRICT JUDGE